# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD D. MIDGLEY,                                :

                Case No. 3:12-cv-215

        Plaintiff,

                Magistrate Judge Michael R. Merz

  -vs-

CITY OF URBANA, OHIO, *et al.*,

        Defendants.                    :

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

This case is before the Court on Motion for Judgment on the Pleadings of Defendants City of Urbana, Ohio; Bruce Evilsizor; Matthew Lingrell; David Reese; Kip Michaels; and Todd Pratt (Doc. No. 24). Plaintiff opposes the Motion (Doc. No. 28) and Defendants have filed a reply in support (Doc. No. 29).

The parties unanimously consented to plenary magistrate judge jurisdiction in their Rule 26(f) Report (Doc. No. 20) and Judge Rose has referred the case on that basis (Doc. No. 21).

Plaintiff's Complaint purports to state six Causes of Action. Because Plaintiff's counsel has followed the common but confusing practice of reciting in the first paragraph of each Cause of Action that "Plaintiff hereby incorporates each and every allegation contained in the previous paragraphs of the Complaint as if fully rewritten herein," disentangling the claims from one another is difficult.

The instant Motion seeks dismissal with prejudice of Causes of Action One, Four, Five,

1

and Six as to all the named Defendants (Motion, Doc. No. 24, PageID 107). Plaintiff responds without distinguishing among the claims for relief (Doc. No. 28).

In ruling on a motion for judgment on the pleadings, the Court must accept all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991), *citing Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51 (1941). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The purpose of Fed. R. Civ. P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level,  see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if

> doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'"5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Hawaii 1953)); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 334, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)]; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *quoting League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

*Twombly* overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), specifically disapproving of the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

3

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court made it clear that *Twombly* applies in all areas of federal law and not just in the antitrust context in which it was announced. Following *Iqbal*, district courts faced with motions to dismiss must first accept as true all of the factual allegations contained in a complaint. This requirement "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* U.S. at 678; *Tam Travel, Inc. v. Delta Airlines, Inc. (In re Travel Agent Comm'n Antitrust Litig.)*, 583 F.3d 896, 903 (6th Cir. 2009). Under *Iqbal*, a civil complaint will only survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.... Exactly how implausible is "implausible" remains to be seen, as such a malleable standard will have to be worked out in practice." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-630 (6th Cir. 2009).

> Two recent decisions have changed the long-standing rule of *Conley v. Gibson*, in which the Supreme Court stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim . . . ." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court said that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." In *Twombly*, the Court changed the standard applicable to Rule 12(b)(6) motions to dismiss Sherman Act claims by directing that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Acknowledging that material allegations must be accepted as true and construed in the light most favorable to the nonmoving party, the Court nevertheless held that complaints in which

4

> plaintiffs have failed to plead enough factual detail to state a claim that is plausible on its face may be dismissed for failure to state a claim. 550 U.S. at 569-70. The Court explained that courts may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action.
>
> This new "plausibility" pleading standard causes a considerable problem for plaintiff here because defendants Scag and Louisville Tractor are apparently the only entities with the information about the price at which Scag sells its equipment to Louisville Tractor. This pricing information is necessary in order for New Albany to allege that it pays a discriminatory price for the same Scag equipment, as required by the language of the Act. This type of exclusive distribution structure makes it particularly difficult to determine whether discriminatory pricing exists.

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011).

The Sixth Circuit has recently held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face…." *Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012), *quoting Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 570 (2007)*,* and that "[a]ll well-pled facts in the complaint must be accepted as true." *Savoie, supra*, *citing*, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), *citing Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff pleads that this Court has subject matter jurisdiction over this case because he attempts to plead claims under 42 U.S.C. § 1983 and this Court has jurisdiction of such claims under 28 U.S.C. § 1331. (Complaint, Doc. No. 1, ¶ 1.) He also states that he is bringing claims under the law of Ohio over which this Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1367. *Id.* at ¶ 2.

Based on those statements, Defendants interpret the Fourth and Sixth Causes of Action as being common law claims under Ohio law for assault and battery and for false arrest and

5

imprisonment (Motion, Doc. No. 24, PageID 105-107).  Plaintiff says nothing to rebut that characterization and the Court therefore adopts Defendants' reading of the Fourth and Sixth Causes of Action.

Based on that interpretation, the Fourth and Sixth Causes of Action must be dismissed with prejudice because they are barred by the relevant Ohio statute of limitations, Ohio Revised Code § 2305.11.  Plaintiff makes no response to Defendants' statute of limitations defense.  The arrest in suit occurred on July 3, 2010, more than one year before this case was filed on July 2, 2012.

Plaintiff's Fifth Cause of Action purports to be for assault and battery in violation of the United States Constitution and therefore actionable under 42 U.S.C. § 1983 (Complaint, Doc. No. 1, PageID 7, ¶¶ 52-55.)  As Defendants note, there is no constitutional right to be free of assault and battery by agents of the State which is protected by the United States Constitution. (Motion, Doc. No. 24, PageID 104.)  There is a right under the Fourth Amendment to be free from excessive force in the effecting of an arrest, but that cannot be what Plaintiff intends to plead in his Fifth Cause of Action because he has pled or attempted to plead an excessive force claim in his First Cause of Action.  The Fifth Cause of Action therefore must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Defendants also seek dismissal of portions of the First Cause of Action.  Those claims must be separately analyzed.

In part the First Cause of Action avers the use by arresting officers of excessive force in conclusory language.  The only actual use of force alleged in non-conclusory fashion is that Plaintiff was handcuffed when he was placed under arrest (Complaint, Doc. No. 1, PageID 4, ¶ 17).  The right to be free from excessively forceful handcuffing is clearly established for qualified immunity purposes.  *Burchett v. Kiefer*, 310 F.3d 937, 944-45 (6th Cir. 2002), *citing*

*Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir. 2001); *Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005), *citing Martin v. Heideman*, 106 F.3d 1308 (6th Cir. 1997). However, the plaintiff must allege some physical harm from the handcuffing. *Lyons, citing Neague v. Cynkar,* 258 F.3d 504, 508 (6th Cir. 2001). The plaintiff must also have complained. *Lyons, citing Burchett.* In order for a handcuffing claim to survive summary judgment, a plaintiff must offer sufficient evidence to create a genuine issue of material fact that: (1) he or she complained the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced 'some physical injury' resulting from the handcuffing." *Morrison v. Bd. of Trustees of Green Twp.*, 583 F.3d 394, (6th Cir. 2009), *citing Lyons, supra.* On the other hand, the mere allegation that Plaintiff was handcuffed is not sufficient. Nor is this claim saved by the conclusory allegation that Plaintiff "suffered physical and mental injuries" as a result of all the actions of the officers, taken together. The Complaint as presently pled does not state a claim for relief for use of excessive force in violation of the Fourth Amendment. However, this is merely an evaluation of the current state of the pleadings. The excessive force claim will be dismissed without prejudice. Not later than ten days after the filing of this Decision, Plaintiff may move to amend to assert a properly pled excessive force claim, if he can do so within the bounds of Fed. R. Civ. P. 11.

      The First Cause of Action as presently pled alleges sufficient facts in sufficient detail to support a claim of unlawful arrest in violation of the Fourth Amendment. The Court does not understand Defendants' Motion to claim otherwise.

      The First Cause of Action also purports to state a claim for cruel and unusual punishment in violation of the Eighth Amendment and therefore actionable under 42 U.S.C. § 1983. As Defendants note, there is no dispute that Mr. Midgley was never convicted of any offense related

to his arrest on July 3, 2010, so that any detention he suffered was as a pretrial detainee. The Eighth Amendment's Cruel and Unusual Punishment Clause does not apply to pretrial detainees. *Ingraham v. Wright,* 430 U.S. 651, 671, n. 40 (1977). Plaintiff's Eighth Amendment claims in the First Cause of Action must also be dismissed with prejudice.

Accordingly, Defendants' Motion for Judgment on the Pleadings is GRANTED as set forth above.

March 29, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge