# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TODD D. MIDGLEY,                                :

                      Case No. 3:12-cv-215

        Plaintiff,

                      Magistrate Judge Michael R. Merz

   -vs-

CITY OF URBANA, OHIO, *et al.*,

        Defendants.        :

## DECISION AND ORDER

       This case is before the Court on Motion for Summary Judgment of Defendants City of Urbana, Ohio; Bruce Evilsizor; Matthew Lingrell; David Reese; Kip Michaels; and Todd Pratt (Doc. No. 31). Plaintiff opposes the Motion (Response, Doc. No. 37) and Defendants have filed a Reply in support (Doc. No. 38).

       The parties unanimously consented to plenary magistrate judge jurisdiction in their Rule 26(f) Report (Doc. No. 20) and Judge Rose referred the case on that basis (Doc. No. 21).

       Plaintiff's Complaint purports to state six Causes of Action. On April 1, 2013, the Court granted Defendants' Motion for Judgment on the Pleadings, dismissing the Fourth and Sixth Causes of Action with prejudice as barred by the relevant statute of limitations (Decision and Order, Doc. No. 30, PageID 134). The Fifth Cause of Action was dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983 upon which relief could be granted. *Id.* The excessive force portion of the First Cause of Action was dismissed without prejudice, but

1

Plaintiff was granted leave to amend for ten days "to assert a properly pled excessive force claim, if he can do so within the bounds of Fed. R. Civ. P. 11." *Id.* PageID 135. No amended complaint has been filed, however. The Cruel and Unusual Punishment portion of the First Cause of Action was also dismissed with prejudice. *Id.* PageID 136. As of that Decision, then, Plaintiff's Second and Third Causes of Action and Fourth Amendment unlawful arrest portion of the First Cause of Action remain.

The Second Cause of Action is captioned "failure to protect," but actually alleges in conclusory fashion that "[all] Defendants deprived the Plaintiff of his right to be free from illegal seizure and his right to life. . ." The "right to life" allegation is obviously surplusage as Plaintiff survived the arrest. Beyond that, the Second Cause of Action appears merely to allege that Plaintiff was unconstitutionally arrested, the same claim made in the surviving portion of the First Cause of Action.

The Third Cause of Action is made only against the City of Urbana which the Court reads as made also against former Director of Administration Evilsizor and Urbana Police Chief Lingrell in their official capacities. The Complaint alleges in conclusory fashion that the constitutional violations Plaintiff suffered were caused either by inappropriate policies or failure to follow proper policies (Complaint, Doc. No. 1, ¶ 44, PageID 6.)

The remaining Causes of Action all purport to arise under 42 U.S.C. § 1983. This Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331 and 1343. The Court had subject matter jurisdiction over the state claims previously dismissed under 28 U.S.C. § 1367.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id*.

The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992,*quoting Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than *de minimis.  Hartsel v. Keys*, 87 F.3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

> The moving party
>
>> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F.2d 606, (6th Cir. 1992).

4

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact),[1] "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Decision are admitted or established by evidence competent under Fed. R. Civ. P. 56(c)(4) and not controverted by opposing competent evidence.

## Analysis

**Summary of Submitted Evidence**

The Motion for Summary Judgment is supported by the Affidavits of Sergeant David Reese, Officers Kip Michael, Todd Pratt, and Shawn Schmidt,[2] and Police Chief Matt Lingrell, all in proper form as required by Fed. R. Civ. P. 56(c)(4). Taken together, these Affidavits establish that Reese, Michael, Pratt, and Schmidt all participated in the arrest of Plaintiff on July 3, 2010, but that Evilsizor and Lingrell did not participate in any way in the initial arrest and Chief Lingrell's participation in relevant events is limited to his review of the facts after the arrest. None of them dispute that the arrest occurred in the early morning hours as Plaintiff avers in his Affidavit. Together they establish that before the officers arrested Plaintiff, they

---

[1] The language of Rule 56 was amended to refer instead to genuine disputes of material facts, but no change in legal standard was intended.
[2] Schmidt is the one police participant in Plaintiff's arrest who has not been sued.

confirmed that there was an outstanding warrant for his arrest by checking the LEADS system, another online database system for recording such information, and twice with the Clark County Dispatcher.

As proof that there was no outstanding warrant for his arrest, Plaintiff offers a document entitled Recall of Warrant (Doc. No. 37, PageID 175).  This document, whose authenticity is not disputed by Defendants, was filed in the Champaign County Municipal Court on July 29, 2008.  However, Plaintiff does not dispute that a warrant for his arrest was issued by Municipal Judge Susan Fernoff-Lippencott in Champaign County Municipal Court Case 2007 CRB 00481 for contempt of court for nonpayment of fines and court costs in the amount of $262.00 on April 11, 2008 (Doc. No. 31-5, PageID 164).  Plaintiff admits that the warrant was properly issued because he had not paid the fines and costs as required by the judgment in that case.  Plaintiff does not contradict the information in Chief Lingrell's Affidavit that the warrant was entered into the LEADS system in February, 2010 (as shown both by the LEADS log, PageID 162; the LEADS entry form, PageID 163; and the face of the warrant, PageID 164, lower right hand corner).

Plaintiff offers no proof to contradict the Defendants' Affidavits showing that the warrant was purportedly outstanding on July 3, 2010, as shown by Champaign County Dispatch, LEADS, and the third source checked by the arresting officers.  Plaintiff avers that he advised the officers that there was no bench warrant, but does not claim he had or showed them at the time the Recall or any other proof that no warrant was outstanding.  Although the officers threatened Plaintiff with a charge of obstructing official business for his delay in surrendering, no such charge was filed and Plaintiff was promptly released when it was determined there was no outstanding warrant.

**Applicable Law**

42 U.S.C. § 1983, R.S. § 1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978).  The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158 (1992).  In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Municipalities and other bodies of local government are "persons" within the meaning of

§ 1983 and may therefore be sued directly if they are alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). "To establish that a local government is liable under § 1983, a plaintiff must show that (1) the local government had an official policy, custom, or practice that (2) deprived the plaintiff of his federal rights." *Fields v. Henry Cty.*, 701 F.3d 180, 183 (6th Cir. 2012), *citing Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 777 (6th Cir. 2012). For an act pursuant to custom to subject a municipality to liability, the custom must be so widespread, permanent, and well settled as to have the force of law. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-08 (6th Cir. 1996). To recover, a plaintiff must identify the policy, connect the policy to the political subdivision itself, and show that the particular injury was incurred because of the execution of that policy. *Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 405 (1997); *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). There must be a direct causal link between the policy and the alleged constitutional violation such that the governmental entity's deliberate conduct can be deemed the moving force behind the constitutional violation. *Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004), *citing Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001); *citing Board of County Comm'r of Bryan County, Okl., v. Brown,* 520 U.S. 397, 404 (1997).

Actions against a municipal officer in his or her official capacity are treated as actions against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

A supervisory employee cannot be held liable under § 1983 for the constitutional torts of

8

those he supervises unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1994), *quoting Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  ". . . there must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a . . . plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Phillips v. Roane County*, 534 F.3d 531 (6th Cir. 2008); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999); *Alioto v. City of Shively*, 835 F.2d 1173 (6th Cir. 1987).  A superior is not liable unless he is "somehow personally at fault by actively participating in, encouraging or directing the commission of illegal acts by his subordinates. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570 (6th Cir. 1979);  *Monell v. Department of Social Services*, 436 U.S. 658 (1978);  *Jones v. Denton*, 527 F. Supp. 106 (S.D. Ohio 1981).  For example, *respondeat superior* liability is not available in a medical treatment case as to warden and director of department of corrections.  *Jones v. Denton*, 527 F. Supp. 106 (S.D. Ohio 1981). A claimed constitutional violation must be based upon active unconstitutional behavior.  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Gregory v. Louisvillew,* 444 F.3d 725, 751 (6th Cir. 2006); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Liability must be based on active unconstitutional behavior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

The individual Defendants in this case claim they are entitled to qualified immunity for their acts.  Government officials performing discretionary functions are afforded a qualified immunity under 42 U.S.C. § 1983 as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v.*

*Fitzgerald*, 457 U.S. 800 (1982); *Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir. 1995); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994); *Flatford v. City of Monroe*, 17 F.3d 162 (6th Cir. 1994). The question is not the subjective good or bad faith of the public official, but the "objective legal reasonableness" of his or her action in light of clearly established law at the time the official acted. *Anderson v. Creighton*, 483 U.S. 635 (1987).

Qualified immunity analysis involves three inquiries: (i) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (ii) "whether the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (iii) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005), *quoting Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). Qualified immunity must be granted if the plaintiff cannot establish each of these elements. *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 636 (6th Cir. 2004).

In deciding qualified immunity questions, district courts were for some years required to apply a two-part sequential analysis, first determining whether the alleged facts, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right, and then deciding if the right was clearly established at the time the officer acted. *Brosseau v. Haugen*, 543 U.S. 194 (2004), *Estate of Carter v. City of Detroit,* 408 F.3d 305, 310-11 (6th Cir. 2005), and *Klein v . Long,* 275 F.3d 544 (6th Cir. 2001), *both citing Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, the two-step process is no longer mandated in light of experience with its use; trial judges are now permitted to use their sound discretion in deciding

which of the two prongs of the qualified immunity analysis should be addressed first. *Pearson v. Callahan*, 555 U.S. 223 (2009). Therefore a district court is free to consider these two qualified immunity questions in whatever order is appropriate. *Moldowan v. City of Warren*, 570 F.3d 698, 720 (6th Cir. 2009).

**Application of the Law to Undisputed Facts of This Case**

Plaintiff has not identified any policy of the City of Urbana within the meaning of that term in § 1983 jurisprudence which led to the events of this case. Therefore the City and Defendants Evilsizor and Lingrell in their official capacities are entitled to summary judgment.

Plaintiff has also not identified any involvement of Chief Lingrell in this matter in his individual capacity other than his review of the facts after the event which do not show any unconstitutional acts toward Plaintiff. Chief Lingrell is therefore entitled to summary judgment in his individual capacity.

The dispute seems to come down to this: Plaintiff claims it was unreasonable to arrest him at 4:00 A.M. He asserts that if the officers had waited until normal business hours, they could have called the Champaign County Municipal Court and found that the warrant had been recalled. The Plaintiff offers only the Recall, but he is entitled to the fair inference that that document, having been filed, would have been reflected on the docket of that court in a way that could have been found during regular business hours.[3] Plaintiff states his belief that the officers were acting out of bad faith because he had had prior "run-ins" relating to a barking dog and parking his semi-tractor in the neighborhood (Plaintiff's Affidavit, Doc. No. 37-2, PageID 177).

---

[3] That is not a proven fact, but on summary judgment the Court must construe the facts most strongly in favor of the opposing party.

11

There is apparently no dispute that Plaintiff and the officers were known to one another before this arrest.

A police officer who makes an arrest on a facially valid warrant has a complete defense to a § 1983 action. *Baker v. McCollan*, 443 U.S. 137 (1979). The warrant in question here is facially valid: it is signed by a judge of a court of record with jurisdiction over the offense – contempt of court – for which the warrant was issued. There is no dispute that the warrant applies to Mr. Midgley and no apparent dispute that he was in fact in contempt of court when the warrant was issued. How an arrest warrant could be issued, then recalled, then two years later entered into a statewide system for keeping track of outstanding warrants has not been explained to this Court. It may be that the parties made a cost-benefit analysis which precluded tracking that down. Be that as it may, the arrest warrant in question is facially valid.

There is no constitutional right to be arrested only during normal business hours of the court issuing the warrant. Judges issuing arrest warrants, particularly for contempt of court, have a reasonable expectation that any law enforcement officer encountering the person named in the warrant will execute the warrant by arresting the named party, regardless of the time of day. The Fourth Amendment does not require otherwise.

Plaintiff does not provide proof that there was anything else the Defendants Officers could have done at 4:00 in the morning to confirm that there was a valid outstanding warrant for his arrest beyond what they did. On the basis of the facts presented, none of the individual Defendant Officers (Reese, Pratt, or Michael) violated Plaintiff's constitutional rights. Accordingly, they are also entitled to summary judgment.

**Conclusion**

There is no genuine dispute as to any material fact in this case and all Defendants are entitled to judgment as a matter of law. Accordingly, the Clerk will enter judgment dismissing the Complaint in this case with prejudice.

November 22, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge
